IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:10-0071
)
BOBBY HARRIS, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 10, 2010 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss (Docket Entry No. 25), to which the Plaintiff has filed a response in opposition (Docket Entry No. 31). Also before the Court is the Plaintiff's motion for summary judgment (Docket Entry No. 43) and motion for leave to file an amended complaint (Docket Entry No. 40).[1] Set out below is the Court's recommendation for disposition of the motions.

---

[1] Also pending are the Plaintiff's two motions for the appointment of counsel (Docket Entry Nos. 36 and 44) and motion to show cause (Docket Entry No. 42). By separately entered order, the Court has denied these motions.

## I. BACKGROUND

The Plaintiff is an inmate at the Sumner County Jail ("Jail"). He brought this action pro se and in forma pauperis on January 21, 2010, seeking damages under 42 U.S.C. § 1983 for alleged violations of his civil rights. Named as defendants are the Gallatin Police Department and Gallatin Police Officer Bobby Harris.

The Plaintiff was arrested by Defendant Harris on November 21, 2008. Defendant Harris, in an attempt to make a controlled drug purchase from the Plaintiff, had sent a confidential informant to an apartment with marked currency and equipped with a transmitting/recording device. Shortly after the informant entered the apartment, the device became inoperable and Defendant Harris made a forced entry into the apartment with his weapon drawn. In addition to the Plaintiff and the informant, a female occupant and a young baby were inside the apartment. Defendant Harris secured the apartment and arrested the Plaintiff after finding him in possession of the marked currency. Defendant Harris then transported the Plaintiff to the Jail.

At the Jail, Defendant Harris went before a judicial commissioner and swore out an affidavit of complaint against the Plaintiff for the offense of intent to sell a schedule II controlled substance, specifically crack cocaine, based upon the events of that day. See Attachment to Complaint. Defendant Harris also swore out an affidavit of complaint against the Plaintiff for the offense of possession of a schedule II controlled substance, specifically, crack cocaine, based upon events occurring the prior day when Defendant Harris and another officer had found drugs and drug paraphernalia in the apartment after searching it.[2] See Docket Entry No. 31-3. The judicial commissioner found probable cause to arrest the Plaintiff on the offenses, set a composite bond of

---

[2] Although the Plaintiff was issued two misdemeanor citations on November 20, 2008, for possession of marijuana and possession of paraphernalia, respectively, he was not arrested that day.

$50,000.00, and scheduled a further hearing before the Sumner County General Sessions Court. Id. The Plaintiff was unable to make the bond and remained in custody. After a preliminary hearing on January 21, 2009, the charge of intent to sell was dismissed. However, the Plaintiff remained in custody on the other criminal charges.[3]

The Plaintiff alleges that he was the victim of a warrantless and illegal search in violation of his Fourth Amendment rights and in violation of Article I, Section 7 of the Tennessee Constitution. He also alleges that he was falsely arrested as evidenced by the dismissal of the intent to sell charge at the preliminary hearing, that he was illegally detained and falsely imprisoned in violation of his Eighth and Fourteenth Amendment rights, and that the bail set in his case was excessive. Finally, the Plaintiff contends that he had numerous items of personal property stored in the apartment, which was being rented by his brother, that were stolen or lost because Defendant Harris did not secure the property after arresting the Plaintiff. He seeks compensation for the value of this property.

In lieu of an answer, the Defendants have filed the pending motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendants argue that the Plaintiff's Section 1983 claims are barred by the applicable statute of limitations because his action was not timely filed within one year after the date of his arrest. The Defendants also contend that, although the complaint does not specifically set out claims under state law, to the extent that the complaint can be construed to assert claims under state law, any such claims are barred by either the applicable statute of limitations and/or by Tennessee's Governmental Tort Liability Act ("TGTLA"), Tenn. Code. Ann. § 29-20-201.

---

[3] At the time, the Plaintiff also had an outstanding charge for driving under the influence of alcohol. The disposition of that charge is unknown. In a recent filing, the Plaintiff states that he was acquitted of "all charges" after a jury trial. See Docket Entry No. 42, at 1. However, it appears that he remains incarcerated at the Jail on a charge unrelated to the facts of the instant action. Id.

In response, the Plaintiff argues that the statute of limitations did not begin to run on his claims until the preliminary hearing conducted on January 21, 2009, rendering his complaint, which was filed exactly one year later, timely. In his motion for summary judgment (Docket Entry No. 43), the Plaintiff argues that his acquittal on all of the charges which were brought against him evidences the merit of his claims and that he has provided sufficient evidence supporting his claims to warrant a trial.

## II. STANDARD OF REVIEW

The Defendants filed their motion as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff's response includes as supporting exhibits copies of documents which were outside the pleadings. Further, the Plaintiff has filed his own factual declarations in support of his claims, as well as a motion for summary judgment. The Court shall not exclude this evidence in its review of the Defendants' pending motion and, in accordance with Rule 12(d), shall treat the Defendants' motion as a motion for summary judgment under Rule 56.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c)(2). To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Logan v. Denny's, Inc., 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met his burden, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. See

4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" Little Caesar Enters., Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which he has the burden, however, the moving party is entitled to summary judgment as a matter of law. See Williams v. Ford Motor Co., 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

## III. CONCLUSIONS

A. Motion to Dismiss

The Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed because they were not timely filed. Congress did not establish a limitations period applicable to civil rights actions under 42 U.S.C. § 1983; therefore, federal courts look to analogous state statutes of limitations to determine the applicable statute of limitations. See Wilson v. Garcia, 471 U.S. 262, 268-71, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Southerland v. Hardaway Mgmt. Co., Inc., 41 F.3d 250, 253 (6th Cir. 1995). For all Section 1983 actions, federal courts apply the personal injury statute of limitations which would apply under state law. See Wilson, 471 U.S. at 280; Eidson v. State of Tennessee Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The statute of limitations for personal injury arising in Tennessee and brought under federal civil rights statutes is one year. See Tenn. Code Ann. § 28-3-104(a)(3); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997); Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir. 1992); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986).

Although the duration of the applicable statute of limitations for Section 1983 claims is governed by state law, the question of when the statute of limitations begins to run is determined by federal law. See Wilson, 471 U.S. at 268-71; Eidson, 510 F.3d at 635; Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1986). Generally, a limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim. Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001).

Any Fourth Amendment illegal search claim made by the Plaintiff based on the events occurring on November 21, 2008, accrued on that day since he was aware on that date of the injury forming the basis of his Fourth Amendment claims. See Price v. Philpot, 420 F.3d 1158, 1162 (10th

Cir. 2005); Ruff, supra. Likewise, claims for false arrest and false imprisonment under Section 1983 accrue at the time of the arrest or no later than the first judicial proceeding subsequent to arrest. See Wallace v. Kato, 549 U.S. 384, 388-91, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); Fox v. Desoto, 489 F.3d 227, 233 (6th Cir. 2007). Accrual of these claims does not depend upon the termination of criminal charges in favor of a plaintiff but begins at the time when a plaintiff becomes detained pursuant to the legal process. Wallace, 549 U.S. at 397. It is at this time when the claim is complete and can be pursued as a legal cause of action. 549 U.S. at 390.

The Plaintiff was arrested on November 21, 2008, and brought before a judicial commissioner that same day for an initial determination of whether probable cause existed for the arrest. The judicial commissioner found probable cause, set a bond, and detained the Plaintiff until a further judicial hearing. Under any reading of Wallace, the Plaintiff's claims for false arrest and false imprisonment accrued on November 21, 2008, and the one year statute of limitations began to run at that time.

The Plaintiff argues that the preliminary hearing which occurred on January 21, 2009, should be viewed as the first judicial proceeding triggering the statute of limitations and that the actions taken by the judicial commissioner on November 21, 2008, do not constitute judicial proceedings. He thus contends that the statute of limitations did not begin to run until January 21, 2009, and that his action was timely filed. See Response (Docket Entry No. 31), at 4.

The Plaintiff's argument is without merit. Judicial commissioners are specifically authorized by Tennessee law to "issue arrest warrants upon a finding of probable cause," "set bonds and recognizances," and "issue mittimus in compliance with state law." Tenn. Code Ann. § 4-05-201. See also Rules 1, 4, and 5 of the Tennessee Rules of Criminal Procedure. The fact that a proceeding before a judicial commissioner does not resemble a more lengthy or in-depth criminal proceeding such

7

as a preliminary hearing or trial and may not implicate the full panoply of rights to which a criminal defendant is entitled does not render it any less a judicial proceeding. Further, within the context finding that judicial commissioners are entitled to absolute judicial immunity, courts have routinely found that judicial commissioners are judicial officers performing judicial functions. See Jones v. Harris, 22 Fed. Appx. 520, 2001 WL 1450728 (6th Cir. Nov. 6, 2001); Hollis v. Wilson County, 2009 WL 1651456 (M.D. Tenn. June 10, 2009) (Echols, J.); Mason v. Stacey, 2009 WL 803107 (E.D. Tenn. Mar. 25, 2009).

Because the Plaintiff did not file the instant action within one year after November 21, 2008, his Section 1983 claims of an illegal search, false arrest, and false imprisonment should be dismissed as untimely filed. The same analysis would apply to the extent that the Plaintiff seeks to assert these same claims based upon the search which occurred on November 20, 2008, and criminal charges arising from the events of that day.[4]

The Plaintiff appears to make two additional claims under Section 1983, both of which also warrant dismissal. First, the Plaintiff asserts a claim that the bail amount set by the judicial commissioner on November 21, 2008, was excessive and in violation of his constitutional rights. Such a claim would also be untimely since this claim clearly arose no later than November 21, 2008. Further, there are no factual allegations showing that either of the named Defendants was the actor who determined the amount of bail set for the Plaintiff.

Second, the Plaintiff alleges that property he had stored in his apartment was lost or stolen after his arrest. However, the exact nature of the cause of action the Plaintiff intends to assert based

---

[4] Although the Plaintiff clearly bases the claims raised in his complaint on the events occurring on November 21, 2008, he does briefly refer in his complaint to the charge lodged against him based upon the events of November 20, 2008, and has intertwined allegations regarding the events of both days in his court filings subsequent to the filing of the complaint.

on this allegation is unclear. There are no facts showing that this property was formally seized by the Defendants such that the Plaintiff's claim could be viewed as a claim for the deprivation of property without due process of law.[5] To the extent that the Plaintiff claims that Defendant Harris should have taken steps to secure the property subsequent to the Plaintiff's arrest, such a claim would be a claim for negligence, which cannot state a viable claim under Section 1983. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Finally, to the extent that the Plaintiff alleges or suggests that Defendant Harris personally stole this property, the Plaintiff has not supported such allegations with any facts. Conclusory and speculative allegations cannot support a claim under Section 1983. See Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102 (6th Cir. 1985).

B. Claim Under the Tennessee Constitution

The Plaintiff asserts an illegal search claim under Article I, Section 7 of the Tennessee Constitution. As set out supra, the Court finds that the Plaintiff's Section 1983 claims warrant dismissal. Upon the dismissal of the Section 1983 claims, the Court no longer has claims before it which invoke the original jurisdiction of the Court, and the Court should decline to exercise supplemental jurisdiction over any state law claims raised by the Plaintiff and those claims should be

---

[5] In order to pursue such a claim, the Plaintiff would have to show that state remedies for redressing the deprivation are unavailable or inadequate. See Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999), cert. denied, 529 U.S. 1020, 120 S.Ct. 1423, 146 L.Ed.2d 314 (2000); Vicory v. Walton, 721 F.2d 1062, 1065-66 (6th Cir. 1983). The Plaintiff has not made such a showing, and the Court notes that the remedies available under the laws of Tennessee have been found to be adequate for the purposes of due process claims. See Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985).

9

brought before the state courts. See 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over state law claims when all federal claims are eliminated from a case before trial. See Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) (citing Sixth Circuit cases that have followed the general rule). There are no factors present in the instant case which weigh in favor of retaining jurisdiction over purely state law claims. This is especially true with respect to the Plaintiff's state constitutional claim given the uncertainty about whether a private cause of action exists under Tennessee law based upon alleged violations of the Tennessee Constitution. See Cline v. Rogers, 87 F.3d 176, 179 (6th Cir.), cert. denied, 519 U.S. 1008, 117 S.Ct. 510, 136 L.Ed.2d 400 (1996); Parker v. Henderson Cnty, Tennessee, 450 F.Supp.2d 842, 856 (W.D.Tenn. 2006); Bowden Bld'g Corp. v. Tennessee Real Estate Comm'n, 15 S.W.3d 434, 446 (Tenn.Ct.App. 1999).[6]

C. Plaintiff's Motion for Summary Judgment

In the Plaintiff's motion for summary judgment and supporting declaration, see Docket Entry Nos. 43 and 45, the Plaintiff argues that his acquittal of the criminal charges brought against him shows that his claims have merit. He further argues that his continued detention on other criminal charges is wrong and he sets out what he believes to be incorrect or illegal actions taken by the judges, prosecuting attorneys, and defense counsel in his criminal case. His arguments regarding the actions

---

[6] Although the Plaintiff's complaint does not specifically set out any claims under state law other than his state constitutional claim, the Defendants argue that any such state law claims should also be dismissed. However, the Court does not read the complaint to assert any state law claims other than the state constitutional claim and, thus, shall not address these arguments.

of those involved in his criminal prosecutions echo arguments he has made in earlier filings. See Docket Entry Nos. 22 and 34.

The Plaintiff's motion for summary judgment should be denied. The Plaintiff fails to offer any legal argument negating the valid statute of limitations defense raised by the Defendants. Further, to the extent that the Plaintiff raises allegations regarding his present confinement, the validity of any current criminal charges, or the actions of judges, prosecuting attorneys, or defense attorneys who were involved in the criminal proceedings against him, such allegations simply do not show that the two named defendants in this action violated the Plaintiff's civil rights under the causes of action alleged in the complaint. Finally, the Court notes that the mere fact of acquittal does not necessarily evidence a constitutional tort. The Constitution simply does not guarantee that only the guilty will be arrested. See Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). If it did, a Section 1983 claim would arise for every defendant who was ultimately acquitted. Id.

D. Motion to Amend

The Plaintiff seeks leave to amend his complaint adding a claim for civil damages and other relief under Tenn. Code. Ann. § 39-13-603 based on allegations that Defendant Harris violated Tennessee's Wiretapping and Electronic Surveillance Act of 1994, Tenn. Code. Ann. §§ 39-13-601-39-13-603, by using a recording/transmitting device to intercept conversations between the Plaintiff and the confidential informant. The Plaintiff names Defendant Harris, the confidential informant, and Gallatin Police Department Officers Joe Russell and Eban Bates as defendants to this claim. See Docket Entry No. 40, at 3.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." The United States Supreme Court has held that leave to amend

11

should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "declared or apparent reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001) (citing General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990)). See, e.g., Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989), cert. denied sub nom, Superior Roll Forming Co. v. Interroyal Corp., 494 U.S. 1091, 110 S.Ct. 1839, 198 L.Ed.2d 967 (1990); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Howard v. Kerr Glass Manuf. Co., 699 F.2d 330 (6th Cir. 1983).

The motion to amend should be denied for the same reasons, as outlined above, that the Court should decline to assert supplemental jurisdiction over any state law claims raised by the Plaintiff.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Plaintiff motion for summary judgment (Docket Entry No. 43) be DENIED;

2) the Plaintiff's motion for leave to file an amended complaint (Docket Entry No. 40) be DENIED; and

3) the Defendants' motion to dismiss (Docket Entry No. 25) be GRANTED and this action be DISMISSED WITH PREJUDICE

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge