IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANTONIO FREEMAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:10-0071 |
| BOBBY HARRIS, *et al.* | ) ) ) | Judge Trauger |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's November 18, 2010 Report and Recommendation ("R&R") (Docket No. 47), which recommended that the defendants' Motion to Dismiss (Docket No. 25) be granted, the plaintiff's Motion for Summary Judgment (Docket No. 43) be denied, the plaintiff's Motion for Leave to Amend (Docket No. 40) be denied, and that this case be dismissed. The plaintiff, Antonio Freeman, proceeding *pro se*, has filed objections to the R&R (Docket No. 54).[1]

As recognized in the R&R, the plaintiff asserts several Section 1983 claims based on his

---

[1] On November 18, 2010, the Magistrate Judge also issued an Order denying the plaintiff's Motion for Appointment of Counsel and Motion to Show Cause, to which the plaintiff has filed objections. (Docket Nos. 46 and 53.) The Magistrate Judge's Order on these motions was informed, at least in part, by her decision to grant the defendants' Motion to Dismiss. (Docket No. 46 at 1.) As this court finds that the defendants' Motion to Dismiss should not have been granted, the Magistrate Judge should re-consider these motions in light of that decision. Additionally, it is worth noting that late in the day on December 9, 2010, the court accepted the R&R, assuming that no timely objections would be filed. (Docket No. 50.) However, later on that day, the plaintiff filed timely objections. Therefore, the court's December 9, 2010 Order will be vacated.

1

November 21, 2008 arrest – illegal search, excessive bail, false arrest, and false imprisonment. (Docket No. 47 at 3.) The defendants moved to dismiss the Section 1983 claims as untimely, because the plaintiff filed this case on January 21, 2010, and it is well settled that the Section 1983 statute of limitations in Tennessee is one year. (*Id.*) The plaintiff argued that at least some of his Section 1983 claims are timely because his Complaint was filed within (exactly) one year of his January 21, 2009 preliminary hearing pursuant to the November 21, 2008 arrest. (*Id.* at 4.)

The Magistrate Judge found that all of the Section 1983 claims were untimely, and, as there was no viable federal cause of action remaining, recommended (1) denying supplemental jurisdiction over the plaintiff's state law claims, (2) denying the plaintiff's motion to amend to add more state law claims (and his motion for summary judgment), and (3) dismissing this case. (Docket No. 47 at 7-12.) In his lengthy objection materials, the plaintiff challenges the Magistrate Judge's recommendation on the statute of limitations issue as inconsistent with this court's ruling in *Lillard v. City of Murfreesboro*, 2009 WL 2047048 (M.D. Tenn. July 10, 2009). (Docket No. 54 at 7-8.)

When the Magistrate Judge issues an R&R on a dispositive motion, the court must review *de novo* any part of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

At least, the Section 1983 claims based on false imprisonment/false arrest should not have been dismissed at this stage. As the Magistrate Judge recognized, false arrest and false imprisonment claims under Section 1983 accrue no later than the first judicial proceeding

subsequent to the arrest, that is, when the plaintiff is "detained pursuant to legal process," which the Supreme Court has held occurs when the plaintiff is "bound over by a magistrate or arraigned on charges." *Fox v. Desoto*, 489 F.3d 227, 233-35 (6th Cir. 2007); *Wallace v. Kato*, 549 U.S. 384, 389 (2007). In *Lillard*, this court, consistent with *Wallace*, affirmed Magistrate Judge Bryant's conclusion that a litigant was first "detained pursuant to legal process" at his preliminary hearing. 2009 WL 2047048, *4.

In the R&R, the Magistrate Judge concluded that, under *Wallace*, the statute of limitations began to run with the plaintiff's arrest because, as indicated by the probable cause affidavit attached to the plaintiff's Complaint, the plaintiff was, on that date, "brought before a judicial commissioner . . . for an initial determination of whether probable cause existed for the arrest." (Docket No. 47 at 7; *see also* Docket No. 1 at 6.) The Magistrate Judge concluded that the judicial commissioner's determination that there was probable cause to arrest (noted on the affidavit) amounted to a "judicial proceeding" and thus began the running of the clock for statute of limitations purposes. (Docket No. 47 at 8.)

The court views this conclusion as inconsistent with *Wallace* and *Lillard.* A judicial commissioner's finding that there was probable cause to make an arrest does not, in the court's view, sufficiently resemble an arraignment or the formal institution of legal process against the plaintiff sufficient to start the statute of limitations. *See Wilson v. Mammoth Video*, 2009 WL 777866, *3 (E.D. Mich. March 20, 2009)(where criminal Complaint and Notice to Appear was issued one month before arraignment, finding that the statute of limitations on a false arrest and detention claim under Section 1983 should commence on the date of the arraignment); *Martin v.*

3

*Louisville Metro Gov't*, 2009 WL 2849570, *2, note 1 (W.D. Ky Sept. 1, 2009)(plaintiff was arrested two weeks prior to arraignment but detention "pursuant to legal process" began with arraignment). The plaintiff's Complaint, the sufficiency of which the defendants challenged under Rule 12(b)(6), alleges that the first imposition of judicial process occurred exactly one year prior to filing suit, and, therefore, the false arrest and detention claims under Section 1983 should be considered timely for purposes of the Rule 12(b)(6) motion.[2]

In light of all of this, the Magistrate Judge's November 18, 2010 Report and Recommendation ("R&R") (Docket No. 47) is **REJECTED**. The court's Order dismissing this case (Docket No. 50) and the Entry of Judgment (Docket No. 51) are hereby **VACATED**. This case is referred back to the Magistrate Judge for re-consideration of the motions (Docket Nos. 25,

---

[2]In finding that the November 21, 2008 appearance before the judicial commissioner amounted to a "judicial proceeding," the Magistrate Judge relied on another probable cause affidavit that the arresting officer had presented to the judicial commissioner, which attested to events that occurred the day before (November 20, 2008) and sought additional charges. (Docket No. 47 at 2.) In response to this affidavit, the judicial commissioner found probable cause to arrest on the additional charges and set a "composite" bond of $50,000. (Docket No. 31 Ex. 3 at 5.) This material was attached to the plaintiff's response to the motion to dismiss and should not have been considered on a motion to dismiss. Fed R. Civ. P. 12(d). Indeed, the Magistrate Judge converted the defendant's motion to dismiss into a motion for summary judgment for the purposes of considering the material. (Docket No. 47 at 4.) To the court, this was not appropriate. Under Rule 12(d), prior to conversion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion," and there is no indication that that opportunity was afforded here. Moreover, it appears unfair to the *pro se* litigant to use his extraneous filings against him on the defendant's motion to dismiss. Finally, given that the Supreme Court has indicated that the initial "judicial proceeding" should be something akin to an arraignment, it is hardly clear that this additional step of setting a "composite" bond would amount to the imposition of legal process as to the plaintiff's false arrest/imprisonment claims stemming from the November 21, 2008 interaction with police. In short, the motion to dismiss should not have been converted to a motion for summary judgment.

36, 40, 42, 43, 44) that were pending at the time of the November 18, 2010 R&R. The court, by no means, is suggesting that the plaintiff's two-page Motion for Summary Judgment, for instance, is meritorious. Rather, because the court is rejecting the primary vehicle relied upon by the Magistrate Judge to dismiss this entire case and deny the other motions, it is appropriate for the Magistrate Judge to reconsider whether there is any merit to these and other motions in light of the court's findings here.

It is so ordered.

Enter this 17th day of December 2010.

ALETA A. TRAUGER
United States District Judge