IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:10-0071
)
BOBBY HARRIS, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered February 10, 2010 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

By Memorandum and Order entered December 17, 2010 (Docket Entry No. 58), the Court rejected a Report and Recommendation (Docket Entry No. 47) in which the Magistrate Judge recommended that the Court : 1) grant the Defendants' Motion to Dismiss (Docket Entry No. 25); 2) deny the Plaintiff's Motion for Summary Judgment (Docket Entry No. 43); and 3) deny the Plaintiff's Motion for Leave to Amend (Docket Entry No. 40). The Court directed that the Magistrate Judge reconsider these motions in light of the decision rejecting the Report and Recommendation. See Docket Entry No. 58, at 5. Set out below is the Magistrate Judge's recommendations for disposition of the motions after reconsideration as directed by the Court.

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff is an inmate at the Sumner County Jail ("Jail"). He brought this action pro se and in forma pauperis on January 21, 2010, seeking damages under 42 U.S.C. § 1983 for alleged violations of his civil rights. Named as defendants are the Gallatin Police Department and Gallatin Police Officer Bobby Harris.

The Plaintiff was arrested by Defendant Harris on November 21, 2008. Defendant Harris, in an attempt to make a controlled drug purchase from the Plaintiff, had sent a confidential informant to an apartment with marked currency and equipped with a transmitting/recording device. Shortly after the informant entered the apartment, the device became inoperable and Defendant Harris made a forced entry into the apartment with his weapon drawn. In addition to the Plaintiff and the informant, a female occupant and a young baby were inside the apartment. Defendant Harris secured the apartment and arrested the Plaintiff after finding him in possession of the marked currency. Defendant Harris then transported the Plaintiff to the Jail.

At the Jail, Defendant Harris went before a judicial commissioner and swore out an affidavit of complaint against the Plaintiff for the offense of intent to sell a Schedule II controlled substance, specifically crack cocaine, based upon the events of that day. See Attachment to Complaint. The judicial commissioner found probable cause to arrest the Plaintiff and scheduled a further hearing before the Sumner County General Sessions Court.[1] After a preliminary hearing on January 21, 2009,

---

[1] The judicial commissioner also considered another probable cause affidavit presented by Defendant Harris based upon events that occurred on November 20, 2008, but for which the Plaintiff was not arrested on that day. The judicial commissioner found probable cause for these charges and set a composite bond of $50,000.00. This affidavit was attached to the Plaintiff's response to the motion to dismiss. See Docket Entry No. 31, Ex. 3, at 5. The plaintiff also referred to the second charge and composite bond in his complaint. See Docket Entry No. 1, at 3-4 and 6.
   In its Memorandum and Order, the Court found that this affidavit should not have been considered on the motion to dismiss and that it was inappropriate for the Magistrate Judge to have

the charge of intent to sell was dismissed. However, the Plaintiff remained in custody on the other criminal charges.[2]

The Plaintiff alleges that he was the victim of a warrantless and illegal search in violation of his Fourth Amendment rights and in violation of Article I, Section 7 of the Tennessee Constitution. He also alleges that he was falsely arrested as evidenced by the dismissal of the intent to sell charge at the preliminary hearing, that he was illegally detained and falsely imprisoned in violation of his Eighth and Fourteenth Amendment rights, and that the bail set in his case was excessive. Finally, the Plaintiff contends that he had numerous items of personal property stored in the apartment that were stolen or lost because Defendant Harris did not secure the property after arresting the Plaintiff. He seeks compensation for the value of this property.

In lieu of an answer, the Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Plaintiff's Section 1983 claims were barred by the applicable statute of limitations and that, although the complaint does not specifically set out claims under state law, to the extent that the complaint can be construed to assert claims under state law, any such claims are barred by either the applicable statute of limitations and/or by Tennessee's Governmental Tort Liability Act ("TGTLA"), Tenn. Code. Ann. § 29-20-201. See Docket Entry No. 25. The Plaintiff responded by contending that the statute of limitations did not begin to run on

---

converted the defendants' motion to dismiss to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. Accordingly, the Magistrate Judge shall not consider this affidavit in its reconsideration of the motion to dismiss.

[2] At the time, the Plaintiff also had an outstanding charge for driving under the influence of alcohol. The disposition of that charge is unknown. In a recent filing, the Plaintiff indicates that he was acquitted of "all charges" after a jury trial. See Docket Entry No. 42, at 1. However, it appears that he remains incarcerated at the Jail on a charge unrelated to the facts of the instant action. Id.

3

his claims until the preliminary hearing conducted on January 21, 2009, rendering his complaint, which was filed exactly one year later, timely.

In addition to his response to the motion to dismiss, the Plaintiff filed a separate motion for summary judgment (Docket Entry No. 43) and a motion to amend his complaint (Docket Entry No. 40). In his motion for summary judgment, he argued that his acquittal on all of the charges which were brought against him evidences the merit of his claims and that he has provided sufficient evidence supporting his claims to warrant a trial. In his motion to amend, he sought leave to amend his complaint adding a claim for civil damages and other relief under Tenn. Code. Ann. § 39-13-603 based on allegations that Defendant Harris violated Tenn. Code Ann. § 39-13-601, the Tennessee's Wiretapping and Electronic Surveillance Act of 1994, by using a recording/transmitting device to intercept conversations between the Plaintiff and the confidential informant. The Plaintiff names Defendant Harris, the confidential informant, and Gallatin Police Department Officers Joe Russell and Eban Bates as defendants to this claim. See Docket Entry No. 40, at 3. The Defendants have not responded to these two motions.

## II. STANDARD OF REVIEW

The Defendants filed their motion as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must

provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

A. Motion to Dismiss

In the prior Report and Recommendation, the Magistrate Judge recommended that the Plaintiff's Section 1983 illegal search and excessive bail claims be dismissed as untimely under the applicable one year statute of limitations. See Docket Entry No. 47, at 6-8. The Magistrate Judge's analysis and recommendations as to the dismissal of these claims remains unchanged upon reconsideration of the motion to dismiss, and the motion to dismiss should be granted as to these two claims. The Magistrate Judge also recommended that the Plaintiff's Section 1983 claim for wrongful deprivation of property, to the extent that such a claim was alleged in the complaint, should be dismissed. Id. at 8-9. The Magistrate Judge's analysis and recommendations as to the dismissal of this

claim remains unchanged upon reconsideration of the motion to dismiss, and the motion to dismiss should be granted as to this claim.

In the December 17, 2010, Memorandum and Order, the Court rejected the Defendants' statute of limitations argument with respect to the Plaintiff's Section 1983 claims for false arrest and false imprisonment. The Court determined that the judicial commissioner's finding that probable cause existed to support the Plaintiff's arrest, "does not, in the Court's view, sufficiently resemble an arraignment or the formal institution of legal process against the plaintiff sufficient to start the statute of limitations." See Docket Entry No. 58, at 3.[3] Accordingly, to the extent that the Defendants seek dismissal of these two claims based upon the statute of limitations argument as set out in their motion, the motion to dismiss should be denied.

In his complaint, the Plaintiff also asserted an illegal search claim under Article I, Section 7 of the Tennessee Constitution. In the prior Report and Recommendation, the Court recommended that the Court, in accordance with 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over any state law claims raised by the Plaintiff because of the recommendation that all of the Plaintiff's Section 1983 claims be dismissed. Given the Court's rejection of that portion of the Report and Recommendation recommending dismissal of the Plaintiff's Section 1983 false arrest and false imprisonment claims, the recommendation as to dismissal of the Tennessee Constitutional claim requires reconsideration.

---

[3] The Court left open the question of whether the judicial commissioner's additional steps of setting a bond for the Plaintiff and ordering that he be detained in jail until the bond was met, assuming that evidence of these acts was properly before the Court, would be sufficient to constitute the imposition of the type of legal process necessary to trigger the running of the statute of limitations. Id., at 4 n.2.

Upon reconsideration, the Magistrate Judge recommends that the Plaintiff's illegal search claim under the Tennessee Constitution be dismissed for failure to state a claim.[4] Courts have routinely found that a private cause of action for damages does not exist based upon alleged violations of the Tennessee Constitution. See Cline v. Rogers, 87 F.3d 176, 179 (6th Cir.), cert. denied, 519 U.S. 1008, 117 S.Ct. 510, 136 L.Ed.2d 400 (1996); Parker v. Henderson Cnty, Tennessee, 450 F.Supp.2d 842, 856 (W.D.Tenn. 2006); Bowden Bld'g Corp. v. Tennessee Real Estate Comm'n, 15 S.W.3d 434, 446 (Tenn.Ct.App. 1999); Lee v. Ladd, 834 S.W.2d 323, 324-25 (Tenn.Ct.App. 1992).

C. Plaintiff's Motion for Summary Judgment

In the Plaintiff's motion for summary judgment and supporting declaration, see Docket Entry Nos. 43 and 45, the Plaintiff argues that his acquittal of the criminal charges brought against him shows that his claims have merit, argues that his continued detention on other criminal charges is wrong, and sets out what he believes to be incorrect or illegal actions taken by the judges, prosecuting attorneys, and defense counsel in his criminal case. His arguments regarding the actions of those involved in his criminal prosecutions echo arguments he has made in earlier filings. See Docket Entry Nos. 22 and 34.

The Plaintiff's motion for summary judgment should be denied. The Plaintiff's motion does not comply with Local Rule 56.01(b) in that it is not accompanied by a separate, concise statement of undisputed, material facts. More importantly, the Plaintiff has not shown, as required by Rule 56(c)(2) of the Federal Rules of Civil Procedure, that there is no genuine issue as to any material fact and that

---

[4] Although the Plaintiff's complaint does not specifically set out any claims under state law other than his state constitutional claim, the Defendants argue that any such state law claims should also be dismissed. However, the Court does not read the complaint to assert any state law claims other than the state constitutional claim and, thus, shall not address the Defendants' arguments.

he is entitled to judgment as a matter of law. The mere fact of acquittal does not necessarily evidence a constitutional tort. The Constitution simply does not guarantee that only the guilty will be arrested. See Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). If it did, a Section 1983 claim would arise for every defendant who was ultimately acquitted. Id.

To the extent that the Plaintiff's motion is based on allegations regarding his present confinement, the validity of any current criminal charges, or the actions of judges, prosecuting attorneys, or defense attorneys who were involved in the criminal proceedings against him, such allegations simply do not show that the two named defendants in this action violated the Plaintiff's civil rights by subjecting him to false arrest and false imprisonment, which are the claims asserted against the defendants in the complaint.

D. Motion to Amend

In the prior Report and Recommendation, the Magistrate Judge recommended that the Plaintiff's motion to amend his complaint to add an additional claim and additional defendants based solely upon a state law cause of action be denied. The Magistrate Judge found that, in accordance with 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over any state law claims raised by the Plaintiff because of the recommendation that all of the Plaintiff's Section 1983 claims be dismissed. Given the Court's rejection of that portion of the Report and Recommendation recommending dismissal of the Plaintiff's Section 1983 false arrest and false imprisonment claims, the recommendation that the motion to amend be denied requires reconsideration.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires."[5] The United States Supreme Court has held that leave to amend should be granted unless there is: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party if the amendment were granted; (5) futility of the amendment; or (6) other "declared or apparent reasons." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001) (citing General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990)). See, e.g., Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989), cert. denied sub nom, Superior Roll Forming Co. v. Interroyal Corp., 494 U.S. 1091, 110 S.Ct. 1839, 198 L.Ed.2d 967 (1990); Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Howard v. Kerr Glass Manuf. Co., 699 F.2d 330 (6th Cir. 1983).

The Plaintiff's motion to amend should be denied as futile. The Sixth Circuit has held that an amendment should be denied if the amendment would be futile and would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 633 (6th Cir. 2009); Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005); Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 566 U.S.__, 129 S.Ct. 1937, 1949, 173

---

[5] The Plaintiff's motion to amend was filed well after the time permitting him to amend once as a matter of course pursuant to Rule 15(a)(1).

L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In addition, the Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). As set out below, the Plaintiff's allegations fail to state a viable claim for relief under the cause of action he seeks to add to this lawsuit.

The Plaintiff's state law cause of action is based upon Tenn. Code Ann. § 39-13-603, which provides in pertinent part:

> Except as provided in § 39-13-601(b)(4), any aggrieved person whose wire, oral or electronic communication is intentionally intercepted, disclosed, or used in violation of § 39-13-601 or title 40, chapter 6, part 3 may in a civil action recover from the person or entity that engaged in that violation . . . .

Tenn. Code Ann. § 39-13-603(a). Tennessee courts have interpreted the inclusion of the phrase, "Except as provided for in § 39-13-601(b)(4)," to mean that there can be no civil cause of action when a defendant has complied with the provisions of § 39-13-601(b)(4). See Cawood v. Booth, 2008 WL 4998408 (Tenn.Ct.App. Nov. 25, 2008). Section 39-13-601(b)(4) provides:

> It is lawful under §§ 39-13-601--39-13-603 and title 40, chapter 6, part 3 for a person acting under color of state law to intercept a wire, oral or electronic communication, where the person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

As set out in the Plaintiff's complaint, the attachments to the complaint, and the motion for leave to amend, the oral communication upon which the Plaintiff's cause of action is based was the oral communication that occurred on November 21, 2008, between him and a confidential informant, who had consented to wearing the recording device and having the conversation recorded. The consent of one of the participating parties to the communication makes the interception of the communication lawful under Section 601(b)(4) and renders futile the claim the plaintiff seeks to assert. See Cawood, supra.

# RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Plaintiff's motion for summary judgment (Docket Entry No. 43) be DENIED;

2) the Plaintiff's motion for leave to file an amended complaint (Docket Entry No. 40) be DENIED;

3) the Defendants' motion to dismiss (Docket Entry No. 25) be GRANTED in part and that the Plaintiff's illegal search claims, excessive bail claim, and deprivation of property claim be DISMISSED WITH PREJUDICE; and

4) the Defendants' motion to dismiss (Docket Entry No. 25) be DENIED in part with respect to the Plaintiff's false arrest and false imprisonment claims brought under Section 1983.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge