IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:10-0071
)
BOBBY HARRIS, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 10, 2010 (Docket Entry No. 7), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending in this action are the pro se plaintiff's filings made September 1, 2011 (Docket Entry Nos. 111-112), which the Court construes as a request for preliminary injunctive relief. For the reasons set out below, the motion should be denied.

## I. BACKGROUND

The plaintiff is currently an inmate at the Sumner County Jail ("Jail"). He brought this action pro se and in forma pauperis on January 21, 2010, seeking damages under 42 U.S.C. § 1983 for alleged violations of his civil rights. Named as defendants are the Police Department of Gallatin, Tennessee ("GPD") and GPD Officer Bobby Harris. The events underlying the action occurred on

November 21, 2008, when Defendant Harris arrested the plaintiff on a drug charge. He was transported to the Jail where he was brought before a judicial commissioner who found probable cause for the charge and ordered that he be held at the Jail if he could not post a bond. The criminal charge was eventually dismissed after a preliminary hearing on January 21, 2009, although the plaintiff remained confined at the Jail on other state charges.[1] In the complaint, the plaintiff set forth claims that he was the victim of an illegal search in violation of the Fourth Amendment and the Tennessee Constitution, that he was falsely arrested, illegally detained, and falsely imprisoned in violation of his Eighth and Fourteenth Amendment rights, that the bail set in his case was excessive, and that numerous items of his personal property were stolen or lost because Defendant Harris did not secure the property after arresting him.

Process was issued to the defendants in the action. By Order entered February 3, 2011 (Docket Entry No. 76), all claims in the action were dismissed except the plaintiff's false arrest and false imprisonment claims. Upon the defendants' answer (Docket Entry No. 83), a scheduling order (Docket Entry No. 85) and amended scheduling order (Docket Entry No. 89) were entered to facilitate pre-trial activity in the action. A jury trial has been demanded in the action. See Order entered April 12, 2011 (Docket Entry No. 84).

On September 1, 2011, the plaintiff filed an "Order to cause for an Injunction 'TRO'" (Docket Entry No. 111) and a "Memorandum of Law to Support Injunction" (Docket Entry No 112). Even though neither filing is styled as a motion, it is apparent that the plaintiff seeks a preliminary injunction. Accordingly, the Court views the filings as a request for preliminary injunctive relief.

---

[1] A more complete summary of the facts underlying the action is contained in the Report and Recommendation entered December 30, 2010 (Docket Entry No. 64).

## II. PENDING MOTION

The plaintiff's request for preliminary injunctive relief in this action appears to have two distinct purposes.

First, he seeks an order from the Court setting out directives to the GPD, Defendant Harris, and any officer of the GPD about their law enforcement procedures. Specifically, he requests an order: 1) requiring that a county sheriff's department employee be called if a GPD officer pulls the plaintiff over or attempts to search his vehicle or residence; 2) prohibiting Defendant Harris from assisting any law enforcement officers in a traffic stop or questioning involving the plaintiff; 3) prohibiting the defendants from harassing, stalking, or conspiring with any confidential informants or third parties to entrap the plaintiff and his family; 4) requiring that a search warrant be obtained and signed by two judges prior to his residence being searched; and 5) requiring the GPD to advise its officers that unnecessary force should not be used or civil and criminal actions will be brought. See Docket Entry No. 111, at 1-2.

Second, he seeks an order from the Court setting out directives to Sonya Troutt, the Sumner County Jail Administrator, mandating that she take certain action or refrain from taking certain actions at the Jail. Specifically, he requests an order: 1) setting out rules for how the Jail staff copies materials requested by inmates at the Jail; 2) protecting the confidentiality of the plaintiff's legal mail at the Jail; 3) requiring Troutt to provide a hearing or other due process rights to the plaintiff and other inmates when they are placed in segregation at the Jail; and 4) requiring Troutt and Jail staff to more quickly deliver his incoming legal mail to him at the Jail. Id.

In his supporting memorandum (Docket Entry No. 112), the plaintiff contends that he continues to be victimized by Defendant Harris, other members of the GPD, and a state criminal court judge and sets out examples of recent events which he believes show that his constitutional rights

continue to be violated. The memorandum also includes several pages related to the damages that the plaintiff seeks in this action.[2]

By Order entered September 7, 2011 (Docket Entry No. 118), the Court granted the defendants until September 23, 2011, to respond to the plaintiff's filings at issue. The defendants have not filed a response.[3]

### III. ANALYSIS

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the plaintiff's requests for preliminary injunctive relief, this Court must consider: (1) the plaintiff's likelihood of prevailing on the merits of the case; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public

---

[2] The Court notes that the plaintiff has also filed with the Court several "Declarations," which consist of factual allegations and copies of documents as exhibits, see Docket Entry Nos. 116, 117, 130, 131, as well as letters. See Docket Entry Nos. 128-129. These filings are generally unrelated to any particular motion before the Court and, although the plaintiff often states that they are submitted to support his "initial claim," see Docket Entry No. 131, at 1, and Docket Entry No. 116, at 1, the filings consist primarily of allegations related to recent events.

[3] The Court notes that although the defendants have not filed a response in opposition to the filings which are at issue, the defendants responded in opposition to a prior filing made by the plaintiff which contained many of his current requests for injunctive relief. See Docket Entry No. 98.

interest. Leary v. Daeschner, 228 F.3d. 729, 736 (6th Cir. 2000); Parker v. U.S. Dep't of Agric. 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason Cnty. Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

At this stage of the proceedings, the plaintiff's likelihood of success on his claims is no greater than that of the defendants. The plaintiff has shown merely a possibility of success on the merits, which is not sufficient to satisfy the first factor. Six Clinics Holding Corp., II v. CAFCOMP Sys., 119 F.3d 393, 407 (6th Cir. 1997). Therefore, the first factor weighs against the plaintiff.

The second factor also does not favor the plaintiff because he has not shown that he will suffer irreparable harm if the injunctive relief requested is not granted.

The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the plaintiff has not demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

The Court further notes that the requested relief concerns events which are far removed from the actual claims that are a part of this action. Granting the plaintiff's request would essentially require the Court to become involved in monitoring the day-to-day confinement of the plaintiff at the Jail and would require the Court to set policies regarding future law enforcement activity involving the plaintiff. Absent extraordinary and urgently compelling reasons, which the plaintiff has certainly not shown, the Court will not intervene in such matters.

The plaintiff has failed to meet his burden of showing that the facts and circumstances of this action demand the extraordinary remedy of a preliminary injunction. Overstreet v. Lexington-Fayette Urban Cnty. Gov't., 305 F.3d 566, 573 (6th Cir. 2002).

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's request for preliminary injunctive relief (Docket Entry Nos. 111 and 112) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge