UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO FREEMAN ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:10-0071 |
| ] | Judge Trauger |
| BOBBY HARRIS, et al. ] | |
|     Defendants. ] | |

**O R D E R**

Presently before the Court are a Report and Recommendation (Docket Entry No.183) from the Magistrate Judge, to which the plaintiff has filed timely objections (Docket Entry No.207).[1]

The Court is now obliged to conduct a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Bobby Harris, an investigator with the Gallatin Police Department (GPD), and his employer, claiming that he was falsely arrested and imprisoned by the defendants.

The Magistrate Judge conducted an evidentiary hearing (Docket Entry No.159) to inquire into the factual basis for plaintiff's claims. In the Report and Recommendation, the Magistrate Judge has concluded that there are genuine issues of material fact with

---

[1] The defendants have filed Notice (Docket Entry No.200) that they have no objections to the Report and Recommendation.

respect to the claims against Bobby Harris and that those claims should proceed to trial. The parties do not dispute this conclusion. It was further recommended, however, that the claims against the Gallatin Police Department are not actionable under 42 U.S.C. § 1983 and that said claims are subject to dismissal. The plaintiff objects to this finding by the Magistrate Judge.

The false arrest and false imprisonment claims against the Gallatin Police Department are based upon its status as employer of the alleged tortfeasor, Bobby Harris. The plaintiff, though, can not sue a defendant solely because of its status as an employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In the complaint, the plaintiff has not alleged that he was wrongly arrested or confined by the Gallatin Police Department because of something that this defendant did or required Bobby Harris to do. Nor did the plaintiff present any evidence at the evidentiary hearing that might suggest that the Gallatin Police Department had a policy or custom that led to plaintiff's allegedly wrongful arrest and confinement. Docket Entry No.183 at pg.6. Personal liability "must be based on the actions of that defendant

in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991).

In his objections, the plaintiff argues that the Gallatin Police Department is liable because it has a "code of silence", wherein officers refuse to report the misconduct of other officers. Docket Entry No.207 at pg.9. He also claims that the Gallatin Police Department was the "moving force" behind Bobby Harris' misconduct. *Id.* at pg.10. These arguments, however, were never raised in the complaint or the evidentiary hearing. They are wholly conclusory in nature. Thus, the Magistrate Judge correctly found that the plaintiff has failed to state an actionable claim against the Gallatin Police Department.

Accordingly, the plaintiff's objections are hereby OVERRULED. The Report and Recommendation is ADOPTED and APPROVED in all respects.

It is so ORDERED.

_____
Aleta A. Trauger
United states District Judge