IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:10-0071
)
BOBBY HARRIS )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered February 10, 2010 (Docket Entry No. 7), this prisoner civil rights action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

By Order entered May 24, 2013 (Docket Entry No. 210), the Court adopted the Report and Recommendation (Docket Entry No. 183), in which the Magistrate Judge concluded that genuine issues of material fact existed with respect to two claims brought against Defendant Bobby Harris under 42 U.S.C. § 1983 that required that the claims proceed to trial but that all claims against the Gallatin Police Department should be dismissed. By Order entered June 12, 2013 (Docket Entry No. 216), a jury trial was set for January 28, 2014, and the Magistrate Judge was directed to conduct the pretrial conference, enter a pretrial order, and address all other matters necessary for having the case prepared to be tried on the date set.

Defendant Harris has filed a motion to dismiss (Docket Entry No. 218) in which he moves the Court to dismiss the plaintiff's remaining claims. Defendant Harris construes the only claims remaining in this case to be state law tort claims against him for false arrest and false imprisonment. As such, he requests that the Court, pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over these claims and, presumably, dismiss this action. See Memorandum in Support (Docket Entry No. 219).

The motion to dismiss lacks merit and should be denied, even prior to a response from the plaintiff. The two claims remaining in this action are the plaintiff's claims, brought under 42 U.S.C. § 1983, that he was falsely arrested and false imprisoned by Defendant Harris in violation of the plaintiff's rights under the Fourth Amendment of the United States Constitution. See Report and Recommendation (Docket Entry No. 183), at 7-12. The Court is perplexed as to why Defendant Harris believes otherwise. Although Harris relies on the Court's Order entered May 24, 2013 (Docket Entry No. 210), as support for his conclusion that only state law claims remain in this action, the Order contains no such language and nothing in that Order even remotely supports the current position taken by Defendant Harris. Furthermore, the plaintiff's claims against Harris have repeatedly and explicitly been construed by the Court as being only Fourth Amendment claims. See Report and Recommendation (Docket Entry No. 183), at 7-12; Report and Recommendation (Docket Entry No. 64), at 7, n.4, adopted by Order entered February 3, 2011 (Docket Entry No. 76). In addition, the Defendant, in his own prior filings in the action, has either construed or analyzed the plaintiff's claims as Fourth Amendment claims. See Memorandum of Law (Docket Entry No. 24), at 3;[1] Pre-Hearing

---

[1] In that Memorandum, the Defendants acknowledged that the plaintiff did not specifically assert any state law claims, but they addressed potential state law claims "out of an abundance of caution." See Docket Entry No. 24, at 4.

Statement (Docket Entry No. 150), at 2-4. Finally, the Defendants specifically represented that they had no objection to the January 30, 2013, Report and Recommendation in which the Court clearly recommended that the plaintiff's Fourth Amendment claims proceed to trial. See Docket Entry No. 200.

## RECOMMENDATION

Based on the foregoing, the Court recommends that the motion to dismiss (Docket Entry No. 218) filed by Defendant Bobby Harris be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge